IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILSON ELECTRONICS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CELLPHONE-MATE, INC. DBA SURECALL, a California corporation; and JONATHAN BACON, an individual and resident of the state of Utah; and DOES 1-5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 4:18-cv-78-DB<br><br>District Judge Dee Benson |

Before the court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 19.) The Motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff has failed to satisfy this pleading standard with respect to its first, second, third, fourth, and fifth causes of action. Plaintiff provided suspicions and conclusions without factual

support to set forth its theory that Defendants misappropriated its trade secrets. Plaintiff did not provide what made "the Personas" and other confidential information trade secrets, to whom they were disclosed, when they were disclosed, or how it knows that they were disclosed. (*See, e.g.,* Complaint, Dkt. No. 2, at ¶¶ 46, 47, 56, 59, 61, and 62.) While Plaintiff is not required to disclose its trade secrets in detail in order to receive protection under the law, it must plead sufficient facts to support an inference that a trade secret existed and that it was improperly disclosed. Plaintiff has failed to do so here. Accordingly, Defendants' Motion to Dismiss is granted with respect to Plaintiff's first, second, third, fourth, and fifth causes of action without prejudice.

Plaintiff has also failed to allege sufficient facts to support its sixth cause of action for false advertising. Even assuming that Plaintiff has standing to assert false advertising claims against Defendant SureCall, its allegations are conclusory and did not provide which of Defendant's products were not properly tested, how the testing was faulty, or how Defendant's products failed to comply with FCC guidelines. Accordingly, Defendants' Motion to Dismiss is also granted without prejudice with respect to Plaintiff's sixth cause of action.

With respect to Plaintiff's seventh, eighth, ninth, tenth, and eleventh causes of action, the court finds that Plaintiff has alleged sufficient facts in support of its claims to survive Defendants' Motion to Dismiss. Accordingly, Defendants' motion is denied with respect to those claims.

Conclusion

Defendants' Motion to Dismiss (Dkt. No. 19) is GRANTED without prejudice with respect to Plaintiff's first, second, third, fourth, fifth, and sixth causes of action, and DENIED with respect to Plaintiff's seventh, eighth, ninth, tenth, and eleventh causes of action.

DATED this 19th day of April, 2019.

BY THE COURT:

Dee Benson
United States District Judge