IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILSON ELECTRONICS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CELLPHONE-MATE, INC. DBA SURECALL, a California corporation; and JONATHAN BACON, an individual and resident of the state of Utah; and DOES 1-5,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 4:18-cv-78-DB<br><br>District Judge Dee Benson |

Before the court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 33.) The Motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

BACKGROUND

The court, as it must, accepts all well-pleaded factual allegations in the Complaint as true for purposes of Defendant's motion. *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).

Plaintiff Wilson Electronics, LLC ("Wilson") develops, manufactures, markets, and sells cellular signal booster technology. (First Amended Complaint, Dkt. No. 27, ¶¶ 16–17.) Defendant CellPhone-Mate, Inc. d/b/a SureCall ("SureCall") similarly creates and sells cellular signal boosters. (*Id.* ¶ 27.) Over the course of its business, SureCall has hired at least nineteen former Wilson employees. (*Id.* ¶¶ 41–42.) One of these former employees is Defendant Jonathan

Bacon ("Bacon"), who Wilson as its Director of Marketing. (*Id.* ¶ 51.) Bacon assisted in developing profiles of various categories of Wilson's target consumers, known as "Personas." (*Id.* ¶ 55.) On or about February 29, 2016, Bacon's employment with Wilson ended, and Wilson began working for SureCall's marketing department. (*Id.* ¶ 60.) To assist in developing SureCall's marketing strategy, Bacon worked with the marketing firm Method Communications. (*Id.* ¶ 62.) On May 17, 2016, Bacon sent an email to Method Communications with a revised version of the Personas he had helped create for Wilson. (*Id.* ¶¶ 63–64.)

Plaintiff filed its original Complaint (Dkt. No. 2) on November 9, 2018, alleging eleven causes of action against Defendants. Defendants filed a motion to dismiss for failure to state a claim (Dkt. No. 19) on January 10, 2019. The court granted this motion without prejudice with respect to Plaintiff's first six causes of action, and denied the motion with respect to Plaintiff's last five causes of action. (Dkt. No. 23.)

Plaintiff then filed its First Amended Complaint[1] on August 9, 2019, alleging three causes of action. (Dkt. No. 27.) In its first cause of action, Plaintiff alleges trade secret misappropriation against both Defendants. (*Id.* ¶¶ 82–94.) In its second cause of action, Plaintiff alleges breach of contract against Defendant Bacon for disclosing Wilson's marketing Personas in violation of Wilson's Employee Handbook. (*Id.* ¶¶ 95–104.) In its third cause of action, Plaintiff alleges that both defendants engaged in acts of unfair competition by (a) engaging in unlawful predatory hiring; and (b) engaging in malicious cyber activity by accessing or inducing former Wilson employees to access Wilson's computers without authorization. (*Id.* ¶¶ 105–08.) Defendant has

---

[1] Plaintiff also filed a Second Amended Complaint (Dkt. No. 47) after Defendant filed its Motion to Dismiss. The Second Amended Complaint's only change from the First Amended Complaint was the deletion of one sentence in Paragraph 71. For purposes of this Memorandum Decision and Order, Plaintiff's causes of action in its First Amended Complaint are considered identical to the causes of action in its Second Amended Complaint.

filed a motion to dismiss all three claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 33.)

DISCUSSION

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The court may consider the complaint, any documents attached thereto, and any external documents that are referenced in the complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here in Plaintiff's Amended Complaint, as in its initial Complaint, Plaintiff has failed to satisfy the requisite pleading standard for the three causes of action at issue. In particular, the court finds that Plaintiff has not pled sufficient facts to support an inference that the "Personas" and other confidential information constitute trade secrets as a matter of law. Furthermore, even

assuming that Plaintiff adequately alleged the existence of a trade secret in this case, Plaintiff has not sufficiently pled that the alleged trade secrets were improperly disclosed, or that Defendant's use of the alleged trade secrets injured Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 33) is GRANTED, and Plaintiff's First and Second Amended Complaints (Dkt. Nos. 27, 47) are DISMISSED with prejudice.

DATED this 2nd day of January, 2020.

BY THE COURT:

*Dee Benson*

Dee Benson
United States District Judge